OPINION
{¶ 1} Defendant-appellant James L. Naugle ("Naugle") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County finding him to be a sexual predator.
 {¶ 2} On August 29, 1986, Naugle pled guilty to one count of rape and one count of aggravated burglary. The trial court sentenced Naugle to ten to twenty-five years on each count to be served consecutively. On August 26, 2002, Naugle was paroled.
 {¶ 3} On August 6, 2002, Naugle appeared before the trial court for a sexual offender classification hearing. A continuance was requested to permit a psychological evaluation and the request was granted. On August 19, 2002, the sexual offender classification hearing was held. A total of eight exhibits were entered into evidence by both the State and Naugle. No testimony or arguments were presented by either side. The trial court took the matter under advisement. On August 21, 2002, the trial court issued its judgment entry finding Naugle to be a sexual predator. It is from this judgment that Naugle raises the following assignments of error.
 {¶ 4} "[Naugle's] due process rights were violated when the court labeled him a sexual predator, in the absence of clear and convincing evidence to support that label.
 {¶ 5} "[Naugle] was denied his constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when his attorney failed to object to the trial court's improper sexual predator label."
 {¶ 6} The Supreme Court of Ohio has directly dealt with the sufficiency of evidence necessary to find a defendant to be a sexual predator in State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. In Eppinger, the court stated as follows:
 {¶ 7} "As previously noted, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. * * *
 {¶ 8} "The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(2) provides:
 {¶ 9} "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} "(a) The offender's age;
 {¶ 11} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c)The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 14} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender;
 {¶ 17} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 20} "As noted by the court of appeals, `[c]lear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'
 {¶ 21} "* * *
 {¶ 22} "Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, "to protect the safety and general welfare of the people of this state." * * * Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of `being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.' * * * Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a `sexual predator.'
 {¶ 23} "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit further sexually oriented offenses. Not only is this determination problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record. Accordingly, we believe that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09
hearing. We adopt the following model procedure for sexual offender classification hearings * * *.
 {¶ 24} "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * [A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 {¶ 25} "Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
 {¶ 26} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. at 163-166.
 {¶ 27} In this case, the State and Naugle both entered exhibits at the hearing. No additional testimony was given at the hearing. The trial court also had some expert testimony in the form of a written psychological evaluation. However, the trial court failed to discuss on the record the statutory factors that it relied upon when making its decision. The record is lacking any indication that the statutory factors were considered. Without this information, the requirements set forth inEppinger are not met and this court lacks a complete record from which to review the judgment. State v. Miller 3rd App. No. 7-02-02, 2002-Ohio2825. Thus, this court need not reach the constitutional matters raised by Naugle.
 {¶ 28} The judgment of the Court of Common Pleas is vacated and the cause is remanded for further proceedings.
Judgment vacated and cause remanded.
 WALTERS and CUPP, JJ., concur.